432 So.2d 746 (1983)
ALAMO RENT-A-CAR and Southeastern Fidelity Insurance Company, Petitioners,
v.
Scott LOOMIS, Respondent.
No. 83-727.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
*747 Alan L. Landsberg of Pomeroy, Betts & Pomeroy, Fort Lauderdale, for petitioners.
Daniel S. Simons of J. Jay Simons, P.A., Fort Lauderdale, for respondent.
BERANEK, Judge.
This is a petition for common law certiorari on a discovery issue. This is a personal injury case in which the defendant hired an investigator to do surveillance work on the allegedly injured plaintiff. The investigator made a report on his surveillance activities and took moving pictures of the plaintiff. Plaintiff moved to require defendant to produce the surveillance report of the investigator and over defendant's objection, the trial court ordered the report produced. We find that this ruling constitutes a departure from the essential requirements of law, grant certiorari, and quash the order.
The instant case is governed by the Supreme Court's decision in Dodson v. Persell, 390 So.2d 704 (Fla. 1980). There, the Supreme Court held as follows at 705:
We resolve the conflict and hold, in summary, that (1) the existence of surveillance movies and photographs is discoverable in every instance; (2) the contents are discoverable if the materials will be used as evidence either substantively or for impeachment; (3) if the movies or photographs will not be used as evidence by the holder, the contents are discoverable only upon a showing of exceptional circumstances; (4) the party seeking discovery must be afforded a reasonable opportunity to observe the movies or photographs before their presentation as evidence; and (5) within the trial court's discretion, the surveilling party has the right to depose the party or witness filmed before being required to produce the contents of the surveillance information for inspection.
In the instant case, the defendant has already furnished the plaintiff with the actual surveillance movies in question, along with the name and address of the investigator. The defendant points out that the investigator is subject to deposition. Further, defendant does not intend to use the surveillance report (the written document) in evidence. This document is apparently solely for the aid of counsel in trying the case. As the Supreme Court pointed out in Dodson, such materials are work product and can only be discovered upon a showing of exceptional circumstances. Here, there has been no attempt by plaintiff to demonstrate any exceptional circumstances and indeed the record seems to indicate that there has been no attempt to make discovery from the investigator. Under these circumstances, the surveillance report constitutes work product, and the trial court departed from the essential requirements of law and abused its discretion in ordering the production of the report without a demonstration of exceptional circumstances. The order below is thus quashed.
CERTIORARI GRANTED.
HERSEY and GLICKSTEIN, JJ., concur.