502 So.2d 473 (1987)
LIFE FROM THE SEA, INC., a Florida Corporation, and York Fitness Center and Barbell Club of Dade County, Inc., a Florida Corporation, Appellants,
v.
Shlomo LEVY and Charen Levy, His Wife, Appellees.
Nos. 85-2436, 85-2472.
District Court of Appeal of Florida, Third District.
January 20, 1987.
Rehearing Denied March 10, 1987.
Joe N. Unger; and Smathers & Thompson, Miami, for appellant Life from the Sea, Inc.
*474 Gaebe and Murphy and Michael J. Murphy, Coral Gables, for appellant York Fitness Center and Barbell Club of Dade County, Inc.
Highsmith, Strauss & Glatzer and Philip Glatzer, Miami, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is a consolidated appeal from a jury verdict awarding money damages for injuries suffered by the plaintiff while assisting in moving heavy equipment sold by one of the defendants for installation on the premises of the other defendant.
One of the contentions in this appeal is that the jury should not have been instructed that defendant Life From The Sea could be liable for failing to provide the plaintiff a reasonably safe place to work because the plaintiff was an independent contractor and the evidence did not otherwise warrant such an instruction.
Although an owner of a construction site ordinarily has no duty to provide a safe place for an independent contractor to do his work, there is a recognized exception that such a duty will arise where the owner actively supervises and directs the construction work. Atlantic Coast Development Corporation v. Napoleon Steel Contractors, 385 So.2d 676, 679 (Fla. 3d DCA 1980) (citing Conklin v. Cohen, 287 So.2d 56 (Fla. 1973)). We agree with the trial court that the instruction was warranted based on the evidence of Life From The Sea's active and direct supervision of the plaintiff in the injury-producing activities.
Both defendants contend, as another point on appeal, that the trial judge's communication with the jury during its deliberations, outside the presence of the parties and counsel, was reversible error.
While the parties and counsel were absent from the courtroom the jurors, by a note handed to the bailiff, requested certain evidentiary information of the judge, particularly:
What is the amount of money the plaintiff is asking for, broken down for himself & his wife.
 Medicine
 Salary
 Salary while in school
 Loss of earning capacity
 Pain & suffering
 Total
 Wife __________
The trial judge responded to the inquiry on the same paper as follows:
The trial judge is not allowed to comment on the evidence or to aid the jury in recalling the testimony or arguments of counsel.
You will have to rely upon your collective memory as to the above question.
 Thank you
 Francis X. Knuck
 Judge
The sheet of paper containing both messages was filed with the clerk as the Court's Exhibit "A".
Defendants rely upon Curtis v. State, 480 So.2d 1277 (Fla. 1985) and Ivory v. State, 351 So.2d 26 (Fla. 1977), criminal cases which apply a "prophylactic rule" that any communication between a judge and a deliberating jury outside the presence of the parties and their attorneys is so fraught with potential for prejudice that it cannot be considered harmless. Both cases construe Florida Rule of Criminal Procedure 3.410, which requires notice to counsel and an opportunity to be heard before any communication is sent to a deliberating jury.
There is no civil counterpart to criminal Rule 3.410. The parties are in agreement that there are no Florida civil cases which have applied a prejudice per se rule as to court-jury communications without notice to the parties.
The overwhelming weight of authority, which we choose to follow, is that where a trial judge's ex parte communication with a jury in a civil case does not affect any substantial rights of the parties, the error will be deemed harmless. A complaining *475 party thus must demonstrate specific prejudice, which might include a showing of an inability of the reviewing court to determine from the record whether the action was actually harmless. Loatman v. Patillo, 401 A.2d 91 (Del. 1979); Beck v. Wessel, 90 S.D. 107, 237 N.W.2d 905 (1976) (affirming a judgment where the jury had asked the trial judge if he could give them certain information and he responded "no"). See also Nelson v. Hydraulic Press Mfg. Co., 84 Ill. App.3d 41, 39 Ill.Dec. 422, 404 N.E.2d 1013 (App. 2d Dist. 1980) (moving party must demonstrate specific prejudice before a jury verdict will be set aside as a result of an unauthorized communication with the jury); Fordyce v. Hansen, 198 Mont. 344, 646 P.2d 519 (1982) (the ultimate inquiry is whether the irregularity affected the substantial right of the party).
We strongly disapprove of any ex parte communication between the court and a deliberating jury, but it is clear from the record in this case that the defendants were not prejudiced.
The remaining points are without merit.
Affirmed.