505 So.2d 1369 (1987)
Rene HERNANDEZ and Maria B. Hernandez, His Wife, As Natural and Legal Guardians of Rene A. Hernandez, Incompetent, Appellants,
v.
CHARLES E. VIRGIN, M.D., P.A., John C. Nordt, III, M.D. and Leonard A. Roudner, M.D., Appellees.
No. 85-1083.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Rehearing Denied May 19, 1987.
Kurzban, Kurzban, Weinger & Holtsberg and Steven M. Weinger, Miami, for appellants.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellees Charles E. Virgin, M.D., P.A. and John C. Nordt, III, M.D.
*1370 Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher, Miami, for appellee Leonard A. Roudner, M.D.
Before HUBBART, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
This medical malpractice action is based on alleged acts of several health care providers, in the treatment of a trauma victim, which left the victim severely brain-damaged.
One of several issues presented in this appeal is that an unrecorded communication between the judge and a deliberating jury which occurred in the jury room and outside the presence of counsel was reversible error. We agree and reverse.
Although an ex parte communication between a judge and a deliberating jury is not per se reversible error in a civil case, reversal is required where a complaining party shows specific prejudice or where, owing to the nature of the ex parte communication, the reviewing court is unable to determine whether the action was actually harmless. Life from the Sea v. Levy Inc., 502 So.2d 473 (Fla. 3d DCA 1987), and cases collected therein. Specific prejudice will be presumed as a matter of law where a trial judge, without permission of the parties, enters a room with a deliberating jury for an ex parte "off-the-record" communication even if the purpose of the communication is purportedly, as it was here, unrelated to the issues in the case.
Since the case must be retried, we address the most serious of several other errors committed in the course of the proceedings.
The testimony of two anesthesiologists as to the standard of care which should have been exercised by an orthopedic surgeon in the operating room, after a life-threatening emergency arose, should not have been excluded. A health care provider may possess sufficient training, experience and knowledge to provide expert testimony as to an acceptable standard of care even though his medical specialty is different. Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981).
A memorandum written by one of the defendant physicians to a codefendant physician, based on statements of other unidentified persons, which explained the operating room activities while the patient was in acute distress and effectively assigned fault to a third physician, was not admissible as an admission against self-interest, section 90.803(18), Florida Statutes (1985), but could be used for impeachment purposes at trial. Section 90.608(1)(a), Florida Statutes (1985), provides that prior statements by the witness which are inconsistent with his trial testimony may be introduced to attack his credibility. Prior to the testimony of the author of the memorandum, the trial court ruled that it would not allow the written and signed statement for any purpose, including impeachment. A prior written statement which is inconsistent with trial testimony is, with few exceptions, admissible as long as the requirements of section 90.614(2), Florida Statutes (1985), are met, as they were in this case.[1]
The trial court also abused its discretion in not permitting the plaintiff to continue the taking of a defendant physician's deposition after the deposition had been suspended to make a motion to the court. Florida Rule of Civil Procedure 1.310(d) authorizes a party to suspend a deposition for the time necessary to make a motion for an order to compel complete answers. It is clear from the record that the witness' answers were incomplete and that an application to the court was appropriate. The good cause showing required to prevent or restrict the taking of depositions was not presented. Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975).
*1371 Several witnesses testified by deposition. Plaintiff requested that the jury be instructed, according to Florida Civil Standard Jury Instruction 1.3, that they are to consider and weigh the deposition as though the witnesses had testified in person. For inexplicable reasons the trial judge refused to give the instruction. Seizing on that occurrence counsel for defendant physicians argued to the jury:
I suggest to you that the reason Dr. Weiss wasn't down here on the stand to be cross-examined, examined and questioned, was that he was so far wrong he would have looked foolish.
Plaintiffs' objection to the argument was not ruled upon by the trial court.
First, failure of the court to give the requested instruction was erroneous. Second, the argument of defense counsel flagrantly compounded the error to the plaintiffs' substantial prejudice. Where the testimony of a material witness is presented by deposition, the trial judge, on a timely request, is obligated to instruct the jury that it is to consider the deposition testimony the same as if the witness had testified in person.
The numerous errors briefly described herein were prejudicial and made for a trial which was manifestly unfair.
Reversed and remanded for a new trial on liability and damages.
NOTES
[1] Section 90.614(2) provides:

(2) Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible.