578 So.2d 289 (1991)
Martha M. HATIN, Appellant,
v.
Aurelio MITJANS, M.D., Rafael Ason, M.D., Bernard Elser, M.D., Joseph Chan, M.D., W. Jarrard Goodwin, M.D., the Public Health Trust of Dade County, d/b/a Jackson Memorial Hospital and University of Miami, Appellees.
Nos. 89-601, 89-619.
District Court of Appeal of Florida, Third District.
February 5, 1991.
On Motion for Rehearing, March 12, 1991.
Rehearing Denied May 9, 1991.
*290 Daniels and Hicks, and Ralph O. Anderson, Miami, for appellant.
Rice & Reiser, James C. Blecke, Miami, for appellees Rafael Ason, M.D. and Aurelio Mitjans, M.D.
Fowler, White, Burnett, Hurley, Banick & Strickroot, and Michael L. Friedmand and Steven E. Stark, Miami, for appellee University of Miami.
Parenti & Falk and Michael J. Parenti, III, Miami, for appellees Bernard Elser, M.D., Joseph Chan, M.D., W. Jarrard Goodwin, M.D., and Public Health Trust of Dade County d/b/a Jackson Memorial Hosp.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
For the fourth time in less than three years we are presented with a question involving a trial judge's ex parte communication with a deliberating jury in a civil trial.[1] The specific question presented is whether the judge-jury communication error was preserved for review by a timely motion for a mistrial.
About an hour after the jury retired to deliberate in this medical malpractice action, counsel for the parties were informed that the jury had reached a verdict. When appellant's counsel arrived at the court, the trial judge asked him to approach the bench. Counsel complied, and was informed by the judge that the jury foreman had told him that he "felt like standing up and bowing down" during counsel's rebuttal summation, that all the jurors had a good laugh at counsel's expense, and that it was all of "no consequence" because the judge felt that counsel had demonstrated a good grasp of the medical evidence.
At the time, it was not known by counsel that the judge's communication with the jury had preceded a physical delivery of the verdict to the clerk or bailiff. Immediately following the judge's comment to counsel, the jury was ushered into the courtroom where the judge himself took the verdict form from the jury, personally announced that it was a defense verdict, polled the jury, and then had the clerk publish the verdict in its entirety.
After the jury was discharged, appellant filed a motion to disqualify the judge on grounds of improper communications with a deliberating jury, along with a motion for a new trial to be heard by a successor judge, and a motion to interview jurors.
After plaintiff's motion to disqualify was granted, the parties were permitted to conduct discovery pursuant to the motion for new trial. George Constance, court clerk at the time of trial, was then deposed. Mr. Constance testified that he observed the judge in conversation with the jury foreman in chambers fifteen minutes before the bailiff informed him that a verdict had been reached. Neither counsel nor the parties were present during this discussion and the communication was not recorded. Although Mr. Constance could not remember precisely what was said in the judge's chambers, he did recall that there was a discussion of the case followed by laughter. Appellant's motion for new trial was subsequently denied.
It is well established that, although an ex parte communication between a judge and a deliberating jury is not per se reversible error in a civil case, reversal is required where a complaining party shows specific prejudice or where, owing to the nature of the ex parte communication, the reviewing court is unable to determine whether the action was actually harmless. Life From The Sea, Inc. v. Levy, 502 So.2d 473 (Fla.3d DCA), rev. denied, 509 So.2d 1118 (Fla. 1987). Specific prejudice will be presumed as a matter of law where a trial judge, without permission of the parties, engages in an ex parte "off-the-record" communication with a deliberating jury. Hernandez v. Virgin, 505 So.2d 1369 (Fla. 3d DCA 1987). See generally Annotation, Prejudicial Effect, in Civil Cases, of Communications Between Court Officials or *291 Attendants and Jurors, 41 A.L.R.2d 288 (1955).
Appellees contend that, because appellant's counsel did not make an objection prior to publication of the verdict, the issue of improper contact was waived and is precluded from appellate review. We disagree. The judge's statement to appellant's counsel, that the jury foreman was displeased with counsel's closing argument and that the jurors had a good laugh at counsel's expense, did not convey sufficient information to place counsel on notice of a judicial impropriety sufficient to trigger an obligation to object and move for new trial. In context, the judge conveyed only that a juror had made a unilateral statement in passing. It was only after the court clerk was deposed that the parties learned of a pre-verdict, two-way communication between the judge and jury foreman.
Appellees' reliance on Eastern Airlines, Inc. v. J.A. Jones Constr. Co., 223 So.2d 332 (Fla. 3d DCA), cert. denied, 229 So.2d 868 (Fla. 1969); Nissan Motor Corp. in U.S.A. v. Padilla, 545 So.2d 274 (Fla. 3d DCA 1989); and Walt Disney World Co. v. Althouse, 427 So.2d 1135 (Fla. 5th DCA 1983), is nonavailing. In all three cases, counsel had specific knowledge of the improper judge-jury contact,[2] and had ample opportunity to lodge an objection before the jury returned its verdict. In those cases, counsel's failure to object, given an informed opportunity to do so, constituted a waiver of the right to a new trial.
Conversely, appellant's counsel in this case was not provided an adequate opportunity to formulate an objection because he was not in possession of all the material facts. See Fireman's Fund Ins. Co. v. Vogel, 195 So.2d 20, 24 (Fla. 2d DCA 1967) (there can be no waiver unless the party against whom the waiver is invoked was in possession of all the material facts). Appellant's motion was timely under the circumstances and the motion for a new trial should have been granted.
Reversed and remanded.

ON MOTION FOR REHEARING
PER CURIAM.
Appellees argue that even if prejudice is to be presumed from the fact of an unrecorded communication between the judge and jury foreman, an opportunity should have been given them to overcome the presumption by an examination of the jurors pursuant to motions already filed. Further, they contend, the testimony of the clerk suggests only "small talk" between the court and jury foreman, only remotely related to the case, and not at all prejudicial. The content of the clerk's testimony does not aid the appellees in their burden. Nevertheless, the appellees are entitled to voir dire the jurors from which the new judge may make a determination whether the contact was prejudicial. The parameter of the inquiry is left to the judge's sound discretion, however, an initial inquiry should be whether the improper communication preceded a unanimous agreement for a verdict.
The last part of the February 5, 1991 opinion, which reverses and remands for a new trial, is vacated and the cause is remanded for further proceedings consistent with this opinion on rehearing.
NOTES
[1] Nissan Motor Corp. In U.S.A. v. Padilla, 545 So.2d 274 (Fla. 3d DCA 1989); Hernandez v. Virgin, 505 So.2d 1369 (Fla. 3d DCA 1987); Life From the Sea v. Levy, 502 So.2d 473 (Fla. 3d DCA 1987).
[2] In Eastern Airlines Inc., the court bailiff advised all counsel that during the recess, outside the presence of the parties or their attorneys, the judge had responded in writing to a written question from the jury. 223 So.2d at 333. In Nissan, counsel personally witnessed the improper judge/juror contact when he saw the judge alone with the jurors in the courtroom during lunch recess. 545 So.2d at 275. Similarly, in Walt Disney World, once the contact between a witness and a juror was discovered, the judge asked counsel what he wanted to do; instead of making a formal objection, counsel elected to let the trial proceed. 427 So.2d at 1136.