606 So.2d 498 (1992)
Steven BLENDER, M.D., and Steven L. Blender, M.D., P.A., Appellants/Cross Appellees,
v.
Jean MALECKI and Peter Malecki, her Husband, Appellees/Cross Appellants.
No. 91-1475.
District Court of Appeal of Florida, Fourth District.
October 21, 1992.
Rehearing Denied November 18, 1992.
Roy R. Watson of Adams, Coogler, Watson & Merkel, P.A., and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellants/cross appellees.
Pariente & Silber, P.A., and Larry Klein and Jane Kreusler-Walsh of Klein & Walsh, P.A., West Palm Beach, for appellees/cross appellants.
POLEN, Judge.
Steven L. Blender, M.D., and Steven L. Blender, M.D., P.A., defendants in a medical malpractice case, appeal from an order granting the plaintiffs, Dr. Jean Malecki and husband Peter Malecki, a new trial. The trial court entered the order for new trial following a jury verdict for the defendants. We affirm.
During the jury's deliberations, three jurors asked the bailiff orally and in writing to bring them certain depositions that had been read during trial. Each time, the bailiff instructed the jurors that they could not have the depositions because they were not in evidence and not in the jury room. The bailiff never communicated these requests to the judge. The lawyers also were not aware of the jury's requests. After six hours of deliberations, the jury found no negligence on the part of the defendants.
Once the judge discharged the jury, plaintiffs' lawyers spoke to some of the jurors. During the conversation, plaintiffs' lawyers learned of the jurors' requests to the bailiff. Plaintiffs filed a motion for new trial and a motion to permit interview of the jurors. The trial judge subsequently conducted a hearing on the matter. The bailiff was sworn in and testified that on three occasions, different jurors came out *499 of the jury room and asked for copies of deposition testimony. The bailiff testified that he responded, "Anything in evidence is in the jury room. If it's not in evidence, you can't have it." He admitted that he did not communicate any of this to the court. The court then granted the plaintiffs' motion to interview the jurors.
At the hearing to interview the jurors, three jurors appeared before the trial court and testified. Based upon their testimony, the trial court granted the plaintiffs' motion for new trial. We agree with the trial court's order that the evidence about which the jury expressed concern was crucial to plaintiffs' case.
Where an occurrence outside the record prevents a trial court from exercising its discretion, we cannot speculate how the trial court would have ruled on the matter. Thus, we cannot state that this occurrence did not affect the outcome of the case. The standard of review of a trial court's grant of a motion for new trial is whether the trial court abused its broad discretion. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981). Without a clear showing of an abuse of discretion, we will not reverse a trial court's decision to grant a new trial. See Nicaise v. Gagnon, 597 So.2d 305 (Fla. 4th DCA 1992). Under these circumstances, we cannot hold that the trial court abused its broad discretion.
Regarding plaintiffs' cross-appeal, we affirm, finding no merit in the arguments raised.
WARNER, J., and DIMITROULEAS, WILLIAM P., Associate Judge, concur.