617 So.2d 323 (1993)
Kalvin DENNY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0128.
District Court of Appeal of Florida, Fourth District.
March 10, 1993.
Rehearing Denied May 25, 1993.
Donnie Murrell of Law Office of L.D. Murrell, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
BRESCHER, GEORGE, A., Associate Judge.
The appellant Denny appeals his conviction of first degree murder and two lesser included offenses of kidnapping and attempted robbery. We have jurisdiction.
Denny's first point on appeal is that the trial court erred in denying his motion for mistrial based upon the trial court having found in the presence of the jury that the confession was freely and voluntarily given. We find this contention to be without merit based upon the holding in Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982), wherein the Florida Supreme Court addressed this issue on a similar comment and found it was not reversible error.
*324 Denny next argues the trial court erred in failing to suppress his confession as the fruit of an illegal arrest. Based upon the record, we find the evidence demonstrates that a warrantless arrest was made by the police, and such is lawful only if made upon probable cause. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). "Probable cause exists if a reasonable man, having the specialized training of a police officer, in reviewing the facts known to him, would consider that a felony is being or has been committed by the person under suspicion." Schmitt v. State, 563 So.2d 1095, 1098 (Fla. 4th DCA 1990), quashed in part, 590 So.2d 404 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992). Based upon all the evidence the officer had before him, we find the probable cause requirement has been met, and therefore the trial court correctly denied the motion to suppress the confession.
Denny further argues the trial court erred in refusing to suppress his statement which was obtained in violation of his Miranda rights. Denny was advised of his Miranda rights while in custody and initially gave a statement implicating the other two defendants. At the completion of that statement Denny indicated that he had nothing else to tell the police, and the police left the room. Within eleven minutes he asked the police to come back into the room wherein he gave another statement implicating himself. Denny was not re-advised of his Miranda rights before the giving of the second statement.
The law is well settled that a criminal interrogation must cease upon the unequivocal invocation of the right to remain silent or the request for an attorney. See Wilson v. Henderson, 584 F.2d 1185, 1187 (2d Cir.1978), cert. denied, 442 U.S. 945, 99 S.Ct. 2892, 61 L.Ed.2d 316 (1979) (interpreting Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975)); United States v. Webb, 633 F.2d 1140, 1142 (5th Cir.1981). The issue thus presented is whether at the completion of the first statement when Denny said, "that's it", if that statement was just the conclusion of his story or whether it constituted an unequivocal invocation of his right to remain silent. The trial judge found from the evidence presented that Denny's second statement was admissible because there had been no unequivocal invocation of the right to remain silent at the end of the first statement; the second statement was freely and voluntarily given and additional Miranda rights were not required. On the facts presented, we find no error in that holding.
Lastly, Denny argues that his convictions should be reversed because the trial court erred in refusing to allow him to introduce portions of statements of codefendants who were tried separately. Denny argues the evidentiary purpose of admitting these separate pretrial statements made by the codefendants would tend to show his lesser involvement in the murder. These statements were offered by Denny as being a hearsay exception, i.e., a statement against interest.[1] Section 90.804(2)(c) of the Florida Statutes provides in pertinent part that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement." The trial court found there were not sufficient corroborating circumstances *325 to show trustworthiness and the statements were not admitted at trial. Furthermore, the trial court also questioned whether or not the codefendants' statements were exculpatory at all in that they clearly implicated Denny in these crimes. If not exculpatory, then the statements would not qualify under this hearsay exception. The standard for review of a trial court's decision on the admissibility of evidence is generally that wide discretion is given. Evidentiary rulings will not be disturbed unless there is a showing of an abuse of discretion. Blanco v. State, 452 So.2d 520 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981). Under these facts, we find the trial court did not abuse its discretion in this evidentiary ruling.
Accordingly, the convictions and sentences in this case are affirmed.
STONE, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Section 90.804(2)(c), Florida Statutes (1987), reads in relevant part:

(2) HEARSAY EXCEPTIONS.  The following are not excluded ... provided that the declarant is unavailable as a witness:
.....
(c) Statement against interest. A statement which, at the time of its making, was so far contrary to the declarant's pecuniary or proprietary interest or tended to subject him to liability or to render invalid a claim by him against another, so that a person in the declarant's position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement. A statement or confession which is offered against the accused in a criminal action, and which is made by a codefendant or other person implicating both himself and the accused, is not within this exception.
(Emphasis added).