PER CURIAM.
This is an appeal by the plaintiff Martha M. Hatin from a trial court order entered after this court remanded the cause to the trial court with directions (1) to allow the defendants to adduce evidence by examining the trial jurors in the case to overcome the rebuttable presumption of prejudice which arose from an unrecorded, pre-verdict communication between the previous trial judge and the jury foreman in the presence of other jurors in this medical malpractice case, and (2) after receiving such evidence, to determine whether this unrecorded pre-verdict, judge-juror communication was prejudicial to the plaintiff or was harmless in nature. Hatin v. Mitjans, 578 So.2d 289, 291 (Fla.3d DCA 1991). The defendants, upon remand, deposed only the jury foreman and did not depose or examine any of the other trial jurors who were present during such contact; upon receipt of this deposition, the trial court entered the order appealed from, finding that the defendants had established that the subject unrecorded judge-juror communication was not prejudicial to the plaintiff and, accordingly, denied the plaintiffs motion for a new trial.
We reverse the order appealed from, as well as the underlying judgment for the defendants, and remand the case to the trial court for a new trial. We reach this result because the defendants did not establish in any respect that the judge-juror communication was non-prejudicial in nature — that, for example, the communication consisted solely of small talk. To the contrary, the jury foreman denied that there was any communication whatever between the trial judge and himself in the judge’s chambers just prior to the announcement of the verdict, as testified to by the court clerk and as accepted by this court in its prior opinion in this case. Stated differently, no testimony of any kind was received on remand as to the nature of the established judge-juror communication in this case; consequently, the trial court was clearly in error in finding that the defendants had proven that the communication was non-prejudieial in nature.
As we stated in our prior opinion in this case:
“It is well established that, although an ex parte communication between a judge and a deliberating jury is not per se reversible error in a civil case, reversal is required where a complaining party shows specific prejudice or where, owing to the nature of the ex parte communication, the reviewing court is unable to determine whether the action was actually harmless.”
578 So.2d at 290 (emphasis added). Because it is impossible to determine on this record whether the pre-verdict, unrecorded communication between the trial judge and the jury foreman in the presence of other jurors in the judge’s chambers was harmless in nature, reversal for a new trial is clearly required in this case.
The order under review, as well as the final judgment for the defendants, are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.