636 So.2d 1369 (1994)
SEARS ROEBUCK AND CO. and Chris Picardi and Kent Spires, Appellants,
v.
Terry POLCHINSKI and Matthew Polchinski, Appellees.
No. 93-0113.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
Rehearing Denied June 15, 1994.
*1370 Elizabeth Koebel Russo, Russo, Talisman & Moylan, P.A., Coconut Grove, and Laurence F. Valle of Nicklaus, Valle, Craig & Wicks, Miami, for appellants.
Jane Kreusler-Walsh, Jane Kreusler-Walsh, P.A., West Palm Beach, and Jesse S. Faerber, Fenster and Faerber, P.A., Plantation, for appellees.
PARIENTE, Judge.
The appellant, Sears Roebuck and Co. (defendant), appeals an order granting a new trial based on an improper ex parte off-the-record communication between the judge, bailiff and jury. While the defendant does not contest that the ex parte communication occurred between the court (through the bailiff) and the jury, it asserts the communication was not prejudicial and that the appellees (plaintiffs) waived any objection by virtue of the conduct of their attorneys. We find the defendant did not sustain its burden of proving the communication was harmless or proving the plaintiffs waived any objection. Accordingly we affirm the trial court's order.
After a five-day personal injury trial, the jury returned a verdict in less than an hour. Shortly after commencing deliberations, the jury submitted a written question to the bailiff. Although the question was not recorded, the jury foreperson specifically testified that she had a question about the "law":
I just wanted what the Judge had read as the law at the end, he read this long, detailed thing, and it was just too much for all of us to absorb in such a fast pace there, so I wanted to get the law.
... .
There was no particular area because after we were, you know, haggling back and forth, it was the issue of if we had to pay, how much; and if it wasn't conclusive that it was Sears.
There was further testimony that the jury needed an explanation regarding the term "negligence." The bailiff apparently advised the trial court of the jury's question when he saw the judge in the hallway. The bailiff subsequently notified the jury that it could not receive the requested instruction.
In criminal cases, a "prophylactic rule" exists that any communication between a judge and a deliberating jury outside the presence of the parties and their attorneys is so fraught with potential for prejudice that it cannot be considered harmless. Curtis v. State, 480 So.2d 1277 (Fla. 1985). Florida Rule of Criminal Procedure 3.410 requires notice to counsel and an opportunity to be heard before any communication is sent to a deliberating jury. While there is no counterpart in the civil rules, the recognized appropriate procedure in a civil trial is for the parties to be advised of all jury questions received by the court through the bailiff, as its authorized arm, and for the parties to be provided an opportunity to be heard on the suggested response to the question.
Although the fact that an unrecorded ex parte communication has occurred in a civil case is not per se reversible error, prejudice is presumed and the burden is on the party seeking to uphold the jury's verdict to demonstrate the ex parte communication was actually harmless. Hatin v. Mitjans, 578 So.2d 289 (Fla. 3d DCA), rev. denied, 591 So.2d 181 (Fla. 1991), appeal after remand, 629 So.2d 194 (Fla. 3d DCA 1993); Life From The Sea, Inc. v. Levy, 502 So.2d 473 (Fla. 3d DCA), rev. denied, 509 So.2d 1118 (Fla. 1987); Hernandez v. Virgin, 505 So.2d 1369 (Fla. 3d DCA 1987). As the court stated in Hatin, 578 So.2d at 290:
[R]eversal is required where ... owing to the nature of the ex parte communication, *1371 the reviewing court is unable to determine whether the action was actually harmless.
In the present case, the original presiding judge recused himself from any further proceedings. The successor judge's order granting the new trial, while not entitled to the same weight as an order of the presiding judge, does come to us clothed with a presumption of correctness. Gen. Hosp. of Greater Miami, Inc. v. Gager, 160 So.2d 749 (Fla. 3d DCA), cert. denied, 168 So.2d 145 (Fla. 1964). We agree with the successor trial judge's findings that the unrecorded jury question "reflected the jury's confusion as to its responsibility in resolving the issues."
A jury has a right to ask questions calculated to shed light on the controversy or which will assist the jury in arriving at a just result. Sutton v. State, 51 So.2d 725, 726 (Fla. 1951). A jury's understanding of the applicable law is integral to a trial by jury. This is why Florida Rule of Civil Procedure 1.470(b), amended in 1989, encourages the trial judge to furnish written instructions to the jury. While a trial judge may have discretion in not sending written instructions to a jury, we cannot overlook the possibility that the jury's verdict was a product of confusion or misunderstanding of the law as evidenced by the nature of the communication. When a question from a deliberating jury indicates its confusion about the law, a trial court abuses its discretion when its response fails to ameliorate the confusion. Morgan Int'l Realty, Inc. v. Dade Underwriters' Ins. Agency, Inc., 571 So.2d 52 (Fla. 3d DCA 1990). We are forced to speculate about what would have occurred if the jury's question was answered by the trial court after receiving input from both parties. Based on the nature of communication, we cannot say the action was harmless.
The defendant contends plaintiff waived any error by failing to object before the jury returned its verdict. A timely objection is essential if the party has knowledge of the erroneous conduct at the time it occurred. See Hargrove v. CSX Transp., Inc., 631 So.2d 345 (Fla. 2d DCA 1994); Hatin, 578 So.2d at 289.
The evidence does not establish the plaintiff's attorney witnessed the communication when it occurred or knew of this first question until after the verdict was returned. The record does not support the defendant's claim of waiver. Compare Nissan Motor Corp. v. Padilla, 545 So.2d 274 (Fla. 3d DCA 1989); Walt Disney World Co. v. Althouse, 427 So.2d 1135 (Fla. 5th DCA 1983); and Eastern Air Lines, Inc. v. J.A. Jones Constr. Co., 223 So.2d 332 (Fla. 3d DCA), cert. denied, 229 So.2d 868 (Fla. 1969).
The record is unclear about what transpired concerning a second question the jury posed to the bailiff shortly before the jury returned its verdict and whether this second question should have put the plaintiff on notice of the first question. Although the plaintiff's attorney may have been able to shed light on these events, his statements at the hearing on the motion for new trial must be disregarded because he was not under oath. We remind attorneys of our previous admonition that unsworn statements or representations of counsel, absent a stipulation, cannot be considered evidence. See Leon Shaffer Golnick Advertising Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982); Sloan v. Sloan, 393 So.2d 642 (Fla. 4th DCA 1981); see also State v. T.A., 528 So.2d 974 (Fla. 2d DCA 1988); Houck v. State, 421 So.2d 1113 (Fla. 1st DCA 1982).
In this case there were at least two ex parte communications between the jury and the bailiff where the bailiff answered questions pertaining to the jury's deliberations. The potential for harm is no less when the bailiff answers questions directly in lieu of the judge without notice to the parties. The bailiff is generally the intermediary between the court and jury on a myriad of matters, from requests for food to eat to requests for evidence to digest. When the matters turn to food for thought, the problem arises. Because a jury may logically believe that questions answered by the bailiff are answers from the trial court, such unauthorized substantive communications are improper. See Blender v. Malecki, 606 So.2d 498 (Fla. 4th DCA 1992), rev. denied, 617 So.2d 318 (Fla. 1993). We join our sister court in strongly disapproving any ex parte *1372 communication between the court and a deliberating jury or between the bailiff and a deliberating jury without the formality of presenting the question in open court on the record with both sides present. Life From The Sea, Inc.
AFFIRMED.
GUNTHER and POLEN, JJ., concur.