696 So.2d 954 (1997)
Raymond H. CASTENHOLZ, M.D., Appellant/Cross-Appellee,
v.
Louise A. BERGMANN and Franklin Bergmann, her husband, Appellees/Cross-Appellants.
No. 96-0580.
District Court of Appeal of Florida, Fourth District.
July 16, 1997.
Peterson Bernard Vandenberg Zei Geisler & Martin, West Palm Beach, and Ralph O. Anderson of Hicks, Anderson & Blum, P.A., Miami, for appellant/cross-appellee.
Freiden & Ellenberg, P.A., Miami, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellees/cross-appellants.
POLEN, Judge.
Dr. Raymond H. Castenholz, the defendant below in a medical malpractice action, appeals *955 the trial court's order granting a new trial following a jury verdict in his favor. We affirm the grant of a new trial on the authority of De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). The Bergmanns, the plaintiffs below, cross-appeal the admission of video surveillance evidence, as well as the court's ruling disallowing discovery of the video photographer's notes and report. We affirm the issue on cross-appeal without further comment, finding no abuse of discretion in the trial court's rulings. Denny v. State, 617 So.2d 323 (Fla. 4th DCA 1993); Alamo Rent-A-Car v. Loomis, 432 So.2d 746 (Fla. 4th DCA 1983); Dodson v. Persell, 390 So.2d 704 (Fla.1980).
A new trial was granted after the trial court found four jurors, including one alternate juror, failed to disclose prior litigation history during voir dire. Applying the test of De La Rosa, the trial court determined the undisclosed information was relevant and material to jury service in the case, the jurors concealed the information during questioning, and the failure to disclose the information was not attributable to the Bergmanns' lack of diligence. De La Rosa, 659 So.2d at 241.
Our review of the record does not disclose the "clear showing of an abuse of discretion," Blender v. Malecki, 606 So.2d 498, 499 (Fla. 4th DCA 1992), necessary to reverse the trial court's decision to grant a new trial. To the contrary, to affirm the trial court's decision we need look no further than the circumstances surrounding the final juror to be interviewed by the parties post-judgment. That juror sat mute when confronted with voir dire questions such as: "[W]ho else has been involved in a lawsuit either as a Plaintiff or a Defendant?"; "Anyone else with lawsuits for or against?"; and "Any experiences like that, claims, that is where lawyers were involved, courthouses were involved; anything of that nature? Anybody think of any experience like that?" During her post-judgment interview, however, the juror admitted to prior involvement in five distinct legal actions including: surrendering on welfare fraud charges; a small claims action brought against her by a department store; two lawsuits filed by car dealerships to recover money owed, both of which resulted in judgments against her that were not satisified at the time she sat as a juror; and a foreclosure action filed against her in 1994, less than one year before her service on the Bergmanns' jury. The juror admitted she considered the foreclosure action to be a "lawsuit," and knew she was a defendant in that action because the word "defendant" was contained on the style of the settlement agreement she received. Apropos of Judge Baskin's observation in her dissenting opinion approved by the court in De La Rosa, it is difficult to believe a juror who was involved in five lawsuits did not think the voir dire questions posed by counsel applied to her. We affirm the grant of a new trial.
SHAHOOD, J., and KOENIG, JULIE, Associate Judge, concur.