GROSS, Judge,
concurring in part, dissenting in part.
I concur in all portions of the majority opinion, except that part which finds no abuse of discretion in failing to answer the jury’s question during deliberations. Jurors have a right to ask questions which will assist them in arriving at a just result. See Sears Roebuck & Co. v. Polchinski, 636 So.2d 1369 (Fla. 4th DCA 1994). “A jury’s understanding of the applicable law is integral to a trial by jury.” Id. at 1371. Moreover, “[w]hen a question from a deliberating jury indicates its confusion about the law, a trial court abuses its discretion when its response fails to ameliorate the confusion.” Id. See also Coleman v. State, 610 So.2d 1283, 1286 (Fla.1992); Sutton v. State, 51 So.2d 725, 726 (Fla.1951); Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336, 1340 (Fla. 3d DCA 1985). The jury’s question expressed obvious confusion as to the effect of the evidence regarding- appellant’s marriage to Debra. Appellant’s requested charge was proper. A modified Williams Rule instruction would have offered further clarification to the jury. Fla.Std.Jury Instr. (Crim) 3.08, p. 66.