FARMER, J.
During this professional negligence trial, the trial judge, all counsel and court reporter exited the courtroom to discuss an objection posed by plaintiff. Defendant was left on the witness stand in close proximity to the jury, who remained in the jury box.
When the judge, counsel and reporter later returned, plaintiff and her counsel began a private conference within the courtroom, during which- the trial judge engaged in an unrecorded conversation with the jury in an attempt to afford some distraction and therefore privacy to plaintiffs conference with her counsel.. Defendant, who was still on the witness stand, joined in the court’s conversation with the jury-
When the jury shortly afterwards left the courtroom, plaintiff challenged the propriety of defendant’s communication with the jury, which had just taken place in the presence of the trial judge. The judge assured plaintiff that defendant had merely spoken a couple of words in response to the comments about the poor quality of lunch. The judge added that he instructed the jury and defendant to refrain from further conversation. Nonetheless, plaintiff moved for a mistrial, arguing that the conversation was an “inappropriate” communication between defendant and the jurors.
The trial judge granted the motion, reasoning that although the doctor “made the most benign and innocuous of comments in the presence of everyone [and] everyone heard it” there was no record of the communication to support that fact. At that point, movant stated, “Your Honor if that’s the court’s ruling...we would withdraw that motion and waive all bases on the motion of the communication with the jury, because we agree that it probably was innocuous.” The trial thereupon proceeded without incident. Ultimately the jury returned a defense verdict.
Plaintiff timely moved for new trial in which she argued that, unknown to anyone until the trial ended, defendant had engaged in a previous, improper communication with the jury. She stated that during the interval when the trial judge, all counsel and the reporter had exited the courtroom to discuss plaintiffs objection, defendant remained in the courtroom on the witness stand in close proximity to the jury. While thus situated defendant talked and joked with the venire and engaged in a conversation with several jurors. Plaintiffs motion was accompanied by an affidavit given by a legal assistant for plaintiffs counsel who, along with a representative from the insurance company, was in the courtroom and witnessed defendant communicating with jurors. Defendant filed a responsive affidavit, swearing that his comments with the jury concerned only the lunch, did not concern the case itself, and was not an attempt to curry favor with the jury. After considering arguments from both sides, the trial court denied the motion for new trial.
In this appeal, plaintiff contends that a new trial is unavoidable because it is impossible to determine conclusively what effect, if any, defendant’s communication with the jury had on the outcome of the case. Defendant responds that plaintiff *787 clearly and unequivocally waived her right to challenge his unrecorded communication with the jury. We have reviewed the transcripts of the trial in this case and are satisfied that plaintiffs waiver involved only the conversation between defendant and the jury in the presence of the trial judge and parties, and was made before plaintiff knew of the previous conversations with the jurors while the judge, counsel and reporter were outside of the courtroom.
Apart from any waiver, defendant further argues, the supporting affidavit is wholly insufficient to support a new trial because it fails to disclose that the communication between defendant and the jury concerned substantive matters. In Sears Roebuck & Co. v. Polchinski, 636 So.2d 1369 (Fla. 4th DCA 1994), we held:
“Although the fact that an unrecorded ex parte communication has occurred in a civil case is not per se reversible error, prejudice is presumed and the burden is on the party seeking to uphold the jury’s verdict to demonstrate the ex parte communication was actually harmless.... Reversal is required where... owing to the nature of the ex parte communication, the reviewing court is unable to determine whether the action was actually harmless.” [c.o., e.s.]
Polchinski, 636 So.2d at 1370-71.
Also, in Norman v. Gloria Farms, Inc. 668 So.2d 1016 (Fla. 4th DCA 1996), plaintiffs learned after an adverse verdict that the foreman of the jury was the younger brother of an agent of the defendant’s liability insurer. Although the juror swore he had no substantive conversations with his brother regarding the case, in response to his brother’s inquiry as to how the case was going, he had stated that defense counsel “was eating [the other lawyer’s] lunch.” 668 So.2d at 1019. We held:
“The fact that a juror is approached by a party ... or even the trial judge is considered an objective act extrinsic to the verdict which potentially compromises the integrity of the fact-finding process. In order to constitute juror misconduct.. .Florida and other courts have consistently held that some objective act must have been committed by or in the presence of the jury or a juror which compromised the integrity of the fact-finding process, as where... a juror was approached by a party, his agent or attorneys....
“In Amazon v. State [487 So.2d 8 (Fla.1986)] .. .the supreme court enunciated the general rule that ‘potentially harmful misconduct is presumptively prejudicial.’ Contact with a juror during trial about the pending matter falls within this category. Once that threshold has been met, the burden then shifts to the party seeking to preserve the jury’s verdict to demonstrate that the contact was harmless.
[[Image here]]
“Albeit in a different context, that of an ex parte communication between a trial judge and a deliberating jury, specific prejudice will also be presumed even if the communication is innocent and purportedly unrelated to the issues in the case. In those cases it has been held that:
‘[R]eversal is required where... owing to the nature of the ex parte communication, the reviewing court is unable to determine whether the action was actually harmless.
A new trial based on complained-of conduct or improper contact may be required under ‘some circumstances as a matter of public policy for the purpose of maintaining confidence in the integrity of jury trials.’ While a party is not *788 necessarily entitled to a perfect trial, a party is entitled to a fair one.” [c.o., e.s.]
Norman, 668 So.2d at 1019-1020.
Notwithstanding the trial court’s instruction at the outset that jurors should not communicate with parties and vice-versa, it is not disputed that defendant communicated with the jury outside the presence of the trial judge and counsel. In Norman we held that a party’s contact with a juror during trial. — even if innocent and purportedly unrelated to the issues in the case — is presumed to prejudice the other party. Although defendant swore in his affidavit that the communication in this case was non-substantive in nature, it was unrecorded and therefore is incapable of being deemed harmless. Consistent with Norman and Polchinski, therefore, we reverse and remand for a new trial.
STONE and SHAHOOD, JJ., concur.