PER CURIAM.
Florida Municipal Insurance Trust f(k/a/ Florida League of Cities (“carrier one”) appeals the order of the Judge of Compensation Claims (“JCC”) requiring reimbursement to Sterling Cook n/k/a North American Risk Services (“carrier two”) for claimant’s benefits and medical expenses that carrier two paid. Carrier one argues on appeal that the JCC erred in (1) overruling its objection to admission of Dr. Vervoort’s deposition testimony, (2) accepting Dr. Vervoort’s opinions over those of Dr. Williams, and (3) finding that carrier one is responsible for reimbursing carrier two the cost of the claimant’s psychiatric treatment because carrier one did not timely contest the claim. We affirm the JCC’s admission of Dr. Vervoort’s testimony at the final hearing and the acceptance of the doctor’s opinions over those of Dr. Williams without further comment.
*263 We reverse, however, the portion of the JCC’s order requiring carrier one to reimburse carrier two’s payment of claimant’s psychiatric treatment because carrier one timely contested the claim. The record reveals that carrier two requested reimbursement in general terms from carrier one, and carrier one in turn denied responsibility for claimant’s medical treatment and other benefits in general terms as well. There is no evidence in the record that carrier one was aware of the specific bills and costs for which carrier two sought reimbursement until it received carrier two’s pay ledger after filing the pre-trial stipulation.
A party cannot object to or contest a claim until it has knowledge of it. Cf. Sears Roebuck & Co. v. Polchinski, 636 So.2d 1369, 1371 (Fla. 4th DCA 1994) (stating that “[a] timely objection is essential if the party has knowledge of the erroneous conduct at the time it occurred”). Under the circumstances, carrier one’s “objection” to carrier two’s claim for reimbursement of the cost of psychiatric treatment was timely. Accordingly, we reverse the JCC’s order in this regard and remand for consideration of carrier two’s claim for reimbursement of the cost of claimant’s psychiatric treatment on the merits.
AFFIRMED in part; REVERSED in part and REMANDED.
VAN NORTWICK, POLSTON AND THOMAS, JJ., concur.