CONNER, J.
Francis Ziadie suffered brain damage and permanent disability when Dr. Duong punctured his carotid artery during a cath-eterization procedure. Dr. Duong moved for a new trial after discovering two jurors did not disclose prior litigation experience during jury selection. Our supreme court has established a three-part test for determining whether a juror’s nondisclosure of information warrants a new trial. The trial court determined the withheld information was not material. We affirm the denial of the motion for new trial.
Prior to trial, the court directed the attorneys to conduct pre-qualification of over 300 jurors by requiring each of them to fill out a written questionnaire. Relevant to the issues raised in this appeal, question number 9 asked the prospective jurors:
Have you or any members of your immediate family ever been a party to a lawsuit, where you brought suit or suit was brought against you, either civil or criminal? (Give specifics).
Juror One and Juror Two answered the question by writing “No.”
After the verdict for the appellees, Dr. Duong’s counsel investigated the background of the jurors and discovered Jurors One and Two had past involvement in civil *227 and criminal cases. Nine days after the verdict, Dr. Duong moved to interview Jurors One and Two. After the interviews, Dr. Duong moved for a new trial based upon juror misconduct, which the trial court denied.
As we said in Taylor v. Magana, 911 So.2d 1263, 1267 (Fla. 4th DCA 2005) (quoting Vanderbilt Inn on the Gulf v. Pfenninger, 834 So.2d 202; 203 (Fla. 2d DCA 2002)) (alteration omitted) (internal citations omitted) (internal quotation marks omitted):
The standard of review of a trial court’s order granting a new trial because of juror concealment of information is abuse of discretion. If reasonable people could differ as to the propriety of the court’s ruling, then the abuse of discretion standard has not been met.
Furthermore, as articulated by the court in Roberts v. Tejada, 814 So.2d 334, 345 (Fla.2002), due deference is to be granted to the trial judge because it is at the trial level that the dynamics and context of the entire trial process can best be evaluated.
Both parties agree that the operative test is set forth in De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995) (internal citations omitted):
In determining whether a juror’s nondisclosure of information during voir dire warrants a new trial, courts have generally utilized a three-part test. First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.
Materiality is the pertinent issue in this appeal as to the first prong of the test. “Materiality is only shown where the omission of the information prevented counsel from making an informed judgment— which would in all likelihood have resulted in a peremptory challenge.” State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363, 365 (Fla.2002) (internal quotations omitted). “Materiality must be analyzed on a case-by-case basis.” Gamsen v. State Farm Fire & Cas. Co., 68 So.3d 290, 293 (Fla. 4th DCA 2011).
In this case, Dr. Duong’s investigation uncovered that Juror One had been a party to five lawsuits, and Juror Two had been a party to three lawsuits. One action against Juror One was a criminal welfare fraud conviction; one was a collection action from 2007; one was an eviction in 1991; and two were paternity and child support actions brought on Juror One’s behalf by the Florida Department of Revenue. All three of the actions against Juror Two were collection actions, two of which were brought in 2005 and resulted in judgments of $9200 and $29,000 that have not been paid.
The trial court held this information was not material because there was no evidence the jurors were biased or sympathetic to the plaintiff based on their past litigation experience and because Dr. Duong’s counsel accepted another juror with similar past litigation experience.
Although all of the prior litigation experience for both jurors was dissimilar to medical malpractice litigation, Dr. Duong argues it was material, based upon cases such as Castenholz v. Bergmann, 696 So.2d 954 (Fla. 4th DCA 1997). In that medical malpractice case, a juror failed to disclose involvement in five prior legal actions, including: welfare fraud charges, a small claims action, two lawsuits to recover money owed that resulted in judgments, *228 and a foreclosure action. Id. at 955. In Castenholz, we determined the trial court did not err in granting a new trial due to the failure to disclose prior litigation history. Id. Dr. Duong also asserts that he would have “undeniably” moved to strike Jurors One and Two because their past litigation history calls into question their honesty and trustworthiness.
Ziadie responds that a party’s failure to strike other jurors is useful in considering whether a party would have exercised a strike on a non-disclosing juror. For example, in Garnett v. McClellan, 767 So.2d 1229 (Fla. 5th DCA 2000), the court held there was no evidence to suggest the defendant would have stricken a juror who failed to disclose a prior automobile accident in which he was not injured when defense counsel did not object to another juror who was also involved in a non-injury accident and only struck jurors who were still suffering from accident injuries. Id. at 1231.
Other prospective jurors, one of whom served, had litigation experience, but they were either not questioned about the experience or challenged by Dr. Duong in this case. Ziadie points out that prospective Juror S’s husband was forced to sue an insurance company after a car accident to expedite payment, and prospective Juror S was involved in landlord-tenant actions as a landlord. Dr. Duong’s counsel accepted prospective Juror S, and it was Ziadie’s counsel who struck her. Juror F had a cousin who died as a result of paramedic malpractice, and his cousin’s parents filed a lawsuit. Dr. Duong’s counsel did not make a challenge for cause or use a preemptory challenge to remove Juror F.
Juror M was arrested for theft when he attempted to return a pair of shoes he did not purchase. Ziadie’s counsel declined to ask questions about the situation, commenting it was “not a big deal.” Dr. Duong’s counsel did not ask Juror M any questions about any litigation resulting from the arrest and did not exercise a challenge for cause or a preemptory challenge, despite Juror M’s admission of attempting to steal.
Despite the rather brief inquiries by Ziadie’s counsel, Dr. Duong’s counsel did not ask prospective Juror S or Juror F any follow-up questions about their litigation experiences and failed to ask Juror M any questions about any litigation resulting from his arrest. Ziadie argues that the failure to ask questions about litigation histories demonstrates Dr. Duong was not concerned with having jurors with past litigation experience on the panel. In reply, Dr. Duong points out that no juror had litigation histories as extensive as Jurors One and Two, and prospective Juror S, Juror F, and Juror M were all forthcoming about their litigation histories. After reviewing the transcripts of voir dire, we are not persuaded by Dr. Duong’s counter-argument.
 The trial court did not abuse its discretion in determining the undisclosed lawsuits were not material. None of the undisclosed lawsuits are similar to a medical malpractice action, or involve personal injury at all, and several of Juror One’s prior lawsuits were decades before her jury service in this case. All of the recent civil lawsuits involved collection actions, but experience as a defendant in a collection action would not imply a bias or sympathy for or against a medical malpractice victim. Dr. Duong’s assertion that he would have stricken a person convicted of welfare fraud does not seem genuine given that he did not challenge or strike a juror who admitted to attempting to steal money from a store. We do not agree Dr. Duong has demonstrated that his knowledge of the undisclosed lawsuits “would in all likelihood have resulted in a peremptory challenge” of Jurors One and Two.
*229 Dr. Duong also argues that the trial court’s reliance on whether Jurors One and Two were biased or sympathetic is misplaced because the Florida Supreme Court has directly stated that prejudice is not a factor in the De La Rosa test. State Farm, 837 So.2d at 365. It is true that whether or not a challenged juror was actually biased is not relevant to materiality. Fine v. Shands Teaching Hosp. & Clinics, 994 So.2d 426 (Fla. 1st DCA 2008). However, prejudice is relevant to determine whether the undisclosed information would imply that the juror would be biased toward an opposing party or litigation in general, such that counsel would in all likelihood use a preemptory challenge to strike the juror. See De La Rosa, 659 So.2d at 241; McCauslin v. O’Conner, 985 So.2d 558 (Fla. 5th DCA 2008).
Having determined the trial court did not abuse its discretion in finding that Dr. Duong did not meet the first prong of the De La Rosa test, we affirm. We also affirm without discussion the issue regarding jury instructions.

Affirmed.

WARNER and STEVENSON, JJ., concur.