PER CURIAM.
This appeal is by the plaintiff below from an adverse judgment entered on a jury verdict, in an action for damages for personal injuries sustained when a passenger train operated by appellee’s employees struck his automobile at a crossing in Miami.
The train was traveling east at a speed of IS to 18 miles per hour. Appellant was driving -north on Northwest 21st Avenue. When the appellant drove his car onto the tracks it stalled with the forward part of the car on the track upon which the train was approaching. Testimony of the engineer and the fireman was to the effect that appellant’s car was observed approaching the crossing, and when it stopped thereon the train was 200 to 250 feet away; that when it was seen that the car was stalled, the emergency procedure was commenced; and that the train would travel 200 to 250 feet after application of emergency brakes. When the car stopped on the tracks the appellant and his passenger saw the approaching train. The passenger advised that they get out. After an effort to restart the car failed the passenger exited, and urged the appellant to do likewise. The appellant continued his attempts to start the car, and then got out on the side from which the train was approaching, but not in time to clear the area, with the result that when the train struck the forward end of his car it caused the rear of the car to strike the appellant and throw him against and partly under the train.
Appellant contends the trial court committed error in two respects. First, by refusing to charge the jury on the doctrine of last clear chance, and second, by giving an incorrect answer to a question presented to the court by the jury after the jury had retired. On consideration thereof in the light of the record and briefs we find no reversible error has been shown.
It appeared that because of the conditions prevailing, including a boxcar stationed 400 to 450 feet west of the crossing, the driver approaching from the south could not see the train, nor could the engineer see the approaching automobile until the train reached that point. Appellant contends, however, that there was evidence from which the jury could have found that the engineer saw. or should have seen the automobile stalled on the track while the train was a sufficient distance from the crossing to have permitted emergency stopping of the train before it reached the crossing. In our view the trial court correctly concluded that the evidence did not furnish basis for application of the doctrine of last clear chance.
After the court had charged the jury on the law applicable to the case, including charges on negligence, contributory negligence and proximate cause, and the jury had retired to consider and determine the case, the jury presented a written question to the court as follows: “Judge, if we the jurors find the plaintiffs and the defendants both negligent, what do we do ?” The court returned the written question to the jury with his answer thereon as follows: “Your verdict should be for the defendant.” A short time later the jury returned the verdict for the defendant.
The appellant argues that the answer given by the court was incorrect and misleading in that it did not also include a repetition of the charge on proximate cause, and did not explain the dependence of negligence or contributory negligence thereon. The appellee contends, and we agree, that since the jury had been so charged initially, the court’s answer to the jury’s question was correct because the court was entitled to assume that when the jury stated, in effect, that they had found both the plaintiff *827 and defendant guilty of negligence, the jury had done so with reference to the charges which had been given them relating to negligence, contributory negligence and proximate (or legal) cause.
Affirmed.