BASKIN, Judge.
Gioconda Webb Morgan [Webb-Morgan] and Morgan International Realty, Inc. [Morgan Realty] appeal a final judgment entered pursuant to a jury verdict awarding Daisy Murphy damages in a malicious prosecution action. The jury awarded Mur *1290 phy $80,000 in compensatory damages against Webb-Morgan and Morgan Realty and $75,000 in punitive damages against Morgan Realty. We affirm.
Murphy, a real estate salesperson employed by Morgan Realty, filed an action for malicious prosecution in which she alleged that appellants instigated the filing of a criminal proceeding against her. In the criminal case, Murphy was arrested and charged with grand theft for allegedly stealing $700 from a $1700 lease deposit she received from a client. The court ruled the evidence insufficient and dismissed the charges. The dismissal led to Murphy’s present action for malicious prosecution in which she prevailed. Appellants maintain that Murphy failed to prove all the elements of malicious prosecution.
Proof of malicious prosecution depends on the establishment of six elements:
(1) a criminal proceeding was commenced or continued against the plaintiff; (2) the defendant commenced or caused the commencement of such proceedings; (3) the criminal proceeding had a bona fide termination in the plaintiff’s favor; (4) there was no probable cause for commencing criminal proceedings; (5) the defendant acted with malice; and (6) the plaintiff suffered damage.
Guthrie v. Florida Power & Light Co., 460 So.2d 1032, 1033 (Fla. 3d DCA 1985); Kalt v. Dollar Rent-A-Car, 422 So.2d 1031, 1032 (Fla. 3d DCA 1982); Weissman v. K-Mart Corp., 396 So.2d 1164, 1167 (Fla. 3d DCA 1981); Gatto v. Publix Supermarket, Inc., 387 So.2d 377, 380 n. 4 (Fla. 3d DCA 1980). Appellants argue that Murphy failed to prove the second and fourth elements. We disagree. Finding that the record contains sufficient competent evidence to support a jury determination that appellants caused the commencement and continuation of criminal proceedings not based upon probable cause and that appellants’ remaining arguments lack merit, we affirm.