PER CURIAM.
Appellants Morgan International Realty, Inc. and Gioconda Webb Morgan, its President, appeal the entry of summary final judgment in favor of appellee in appellants’ action for damages sustained by them in defending and paying a judgment in a malicious prosecution action which was brought against them and for which they had no insurance coverage.
The action brought by appellants against appellee, their insurance agent, alleged, inter alia, that appellee owed a duty to appellants to procure malicious prosecution coverage, and negligently failed to perform, or breached a contract to perform that duty.
After the pleadings were settled and the trial had commenced, the court heard further argument on appellee’s motion for summary judgment which had been previously considered and denied, without prejudice. The court concluded that appellee had no duty to defend or indemnify appellants against the malicious prosecution action, finding such coverage was expressly excluded in a policy relied upon by appellants. Summary final judgment was subsequently entered in favor of appellee and this appeal followed.
Having carefully considered the briefs and arguments of counsel and the record on appeal, we hold that there exist genuine issues of material fact which preclude the entry of summary judgment for appellee. The record reveals questions of fact which must be resolved in order to establish a basis for the liability of appellee under the theory of the complaint set forth above, including whether the requested coverage was generally available in the insurance industry when appellee obtained coverage for appellants. See Bayly, Martin & Fay, Inc. v. Pete’s Satire, Inc., 739 P.2d 239 (Colo.1987) (to prove insurance agent negligently failed to procure a certain type of coverage, plaintiff must show by a preponderance of evidence, as an aspect of causation and damages, that such coverage was generally available in the insurance industry when agent obtained coverage for plaintiff; agent may defend by showing such insurance was not generally available, or would not have been available to plaintiff).
Accordingly, the judgment under review is reversed and the cause remanded for further proceedings.
Reversed and remanded.