BASKIN, Judge.
Morgan International Realty, Inc., and Giaconda Webb Morgan [Morgan] appeal an adverse final judgment entered following the return of a jury verdict in favor of defendant, Dade Underwriters Insurance Agency, Inc. We reverse.
Morgan’s action was predicated on Dade Underwriters’ negligent failure to procure insurance' coverage for malicious prosecution and to advise Morgan that it had not obtained the requested coverage.[1] Morgan incurred damages when a former employee sued Morgan for malicious prosecution.
During deliberations, the jury sent several questions to the court. One question asked: “If it was negligence on both parties, how can this be settled?” Because comparative negligence had not been raised as an issue in the case, Morgan requested the court to instruct the jury “not [to] consider this question.” Dade Underwriters objected to Morgan’s request, arguing that Morgan’s conduct was its primary defense. The court denied Morgan’s request and instructed the jury to rely on its recollection of the instructions and the evidence.
“Trial judges must have the discretionary power to further explain or define their instructions if the jury is confused or desires further guidance.” Campbell v. State, 306 So.2d 482, 483 (Fla.1975).
In reality the trial of a case like this is nothing more than a realistic search for the truth by court and jury. The jury has a perfect right to return to the court room at any time and ask questions that are calculated to shed light on the controversy or that will in any way assist it or the court in developing the truth of the controversy.
Sutton v. State, 51 So.2d 725, 726 (Fla.1951).
Because the question demonstrated that the jury was confused,[2] the trial court abused its discretion when its response failed to ameliorate the jury’s confusion. See Sutton; Vine v. Scarborough, 517 So.2d 726 (Fla. 3d DCA 1987), review denied, 528 So.2d 1183 (Fla.1988); Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985), review dismissed, 484 So.2d 7 (Fla.1986); Dukes v. Pinder, 211 So.2d 575 (Fla. 3d DCA), cert. denied, 219 So.2d 700 (Fla.1968); see also Perez v. Seaboard Coast Line Railroad Co., 277 So.2d 825 (Fla. 3d DCA), cert. denied, 288 So.2d 505 (Fla.1973). Thus, we reverse the final judgment and remand for a new trial.
Reversed and remanded.
SCHWARTZ, C.J., concurs.

. We reversed the trial court’s entry of summary judgment in Morgan Int'l Realty, Inc. v. Dade Underwriters Ins. Agency, Inc., 524 So.2d 451 (Fla. 3d DCA 1986).

. The jury also questioned whether the verdict had to be unanimous, and indicated to the clerk that it was fatigued.