617 So.2d 455 (1993)
MORGAN INTERNATIONAL REALTY, INC., et al., Appellants,
v.
DADE UNDERWRITERS INSURANCE AGENCY, INC., Appellee.
No. 92-801.
District Court of Appeal of Florida, Third District.
May 4, 1993.
*456 Blackwell & Walker and James E. Tribble, Miami, for appellants.
Touby, Smith, DeMahy & Drake and Kenneth Drake, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
NESBITT, Judge.
Insureds, Morgan International Realty, Inc. (Morgan Realty) and Giaconda Webb Morgan (Morgan), Morgan Realty's president and sole stockholder, appeal an adverse final judgment in a suit against their insurance agent, Dade Underwriters Insurance Agency, Inc., (insurer), for negligently failing to provide them with a liability insurance policy which included coverage for malicious prosecution. For the following reasons we affirm in part and reverse in part.
Daisy Murphy, not a party to this appeal, successfully sued the insureds for malicious prosecution. The jury verdict awarded her $80,000 in compensatory damages against Morgan and Morgan Realty, and $75,000 in punitive damages against Morgan Realty. See Webb v. Murphy, 471 So.2d 1289 (Fla. 3d DCA 1985) (affirming the jury verdict). Thereafter, the insureds filed suit against their insurer for negligently failing to procure liability insurance for malicious prosecution, seeking as damages the costs of defending the Murphy suit and of paying the judgment. The trial court entered summary judgment in the insurer's favor, but this court reversed on grounds that fact questions as to the insurer's liability existed, "including whether the requested coverage was generally available in the insurance industry when [the insurer] obtained coverage for [the *457 insureds]". Morgan Int'l Realty, Inc. v. Dade Underwriters Ins. Agency, Inc., 524 So.2d 451, 452 (Fla. 3d DCA 1988). On remand, a jury verdict was returned in the insurer's favor. This court reversed finding the trial court abused its discretion by refusing to answer a question regarding comparative negligence which was asked by the jury during its deliberations. Morgan Int'l Realty, Inc. v. Dade Underwriters Ins. Agency, Inc., 571 So.2d 52 (Fla. 3d DCA 1990). Finally, the parties stipulated that a bench trial would be held to determine whether a particular insurance policy provided by Travelers Indemnity Company, allegedly available at the time in question, would have provided the insureds with any coverage for the insureds' liability in the Murphy malicious prosecution action. If the court determined coverage existed, a jury would then decide whether the insurer acted negligently in failing to procure the policy. If the court determined that the policy did not provide coverage for malicious prosecution, that issue would be dispositive, mooting all other issues.
During the bench trial, four items of evidence were introduced: 1) the Murphy complaint; 2) the Murphy jury instructions; 3) the Murphy verdict; and 4) the Travelers policy. Additionally, transcripts of both the Murphy trial and the trial after the second remand of the instant case, were available for consideration by the trial judge. Ultimately, the trial court concluded that coverage was excluded under the Travelers policy on the ground that a policy exclusion for "wilful violation of a penal statute" applied, and final judgment was entered against the insureds.
Pertinent portions of the Travelers policy provide:
A. INSURING AGREEMENTS
3. Personal Injury, Incidental Medical Malpractice Injury and Advertising Injury  Coverage P  The Travelers will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of Personal Injury... .
(a) Personal Injury means injury arising out of one or more of the following offenses committed during the policy period:
Group A  false arrest, detention or imprisonment, or malicious prosecution; ... .
The Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such Personal Injury, ... even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient... .
... .
B. EXCLUSIONS
3. Coverage P does not apply:
(b) to personal injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any Insured....
(Emphasis in original).
The insurer contends that the trial court in the instant case properly found no coverage based on the exclusion contained in the Travelers policy for "personal injury arising out of the wilful violation of a penal statute," specifically, section 817.49, Florida Statutes (1991). That section provides:
Whoever willfully imparts, conveys or causes to be imparted or conveyed to any law enforcement officer false information or reports concerning the alleged commission of any crime under the laws of this state, knowing such information or report to be false, in that no such crime had actually been committed, shall upon conviction thereof be guilty of a misdemeanor of the first degree.
As a threshold matter it is important to note that "coverage" includes both the liability insurer's duty to defend its insured when the insured is a defendant in a lawsuit, and the insurer's duty to indemnify the insured if and when damages are ultimately assessed in that lawsuit. Furthermore, the insurer's duty to defend is distinct from and broader than its duty to indemnify. Baron Oil Co. v. Nationwide Mut. Fire Ins., 470 So.2d 810, 813 (Fla. 1st DCA 1985). Recently, the first district set forth the general principles concerning an insurer's duty to defend a claim:

*458 An insurer's duty to defend is to be determined from the allegations in the complaint against the insured. National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); State Farm Fire and Cas. Co. v. Edgecumbe, 471 So.2d 209 (Fla. 1st DCA 1985); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985). The insurer must defend if the allegations in the complaint could bring the insured within the policy provisions of coverage. State Farm Mutual Auto. Ins. Co. v. Universal Atlas Cement Co., 406 So.2d 1184 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982). If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit. Tropical Park, Inc. v. United States Fidelity and Guaranty Co., 357 So.2d 253, 256 (Fla. 3d DCA 1978). The duty to defend is separate and apart from the duty to indemnify and the insurer is required to defend the suit even if the true facts later show there is no coverage. Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982). All doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured. Baron Oil Co., 470 So.2d at 814. So long as the complaint alleges facts that create potential coverage under the policy, the insurer must defend the suit. Tropical Park, 357 So.2d at 256.
Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1306-07 (Fla. 1st DCA 1992).
A close examination of the Murphy complaint reveals that Murphy properly alleged the facts necessary to maintain a cause of action for malicious prosecution against the insureds. See, e.g., Auto-Owners Ins. Co. v. Hooks, 463 So.2d 468, 476 (Fla. 1st DCA 1985). On the other hand, there are no allegations concerning, or references to, a violation of section 817.49. Since the complaint alleged facts which could bring the insureds within the policy provisions for coverage, and since all doubts as to whether a duty to defend exists must be resolved against the insurer and in favor of the insureds, the trial court erred in ruling that there would have been no duty to defend under the Travelers policy.
Next, we determine whether, under the Travelers policy, there would have been a duty to indemnify the insureds for the damages assessed against them in the Murphy trial. The insurer contends that the jury's determination in the Murphy trial that the insureds were liable for damages for malicious prosecution demonstrates the insureds' "wilful violation of a penal statute," precluding indemnification under the Travelers policy.
The jury's determination in Murphy that the insureds were liable for compensatory damages for malicious prosecution does not necessarily lead us to the conclusion that the insureds willfully violated section 817.49. The absence of probable cause in bringing a criminal proceeding and the presence of malice are necessary elements in an action for malicious prosecution. Malice may be either: (a) actual or subjective malice, sometimes called "malice in fact," which results in intentional wrong; or (b) "legal malice," which may be inferred from circumstances such as the want of probable cause, even though no actual malevolence or corrupt design is shown. Wilson v. O'Neal, 118 So.2d 101, 104 (Fla. 1st DCA), cert. dismissed, 122 So.2d 403 (Fla. 1960), cert. denied, 365 U.S. 850, 81 S.Ct. 813, 5 L.Ed.2d 814 (1961). In the Murphy trial, the jury was instructed that the "malice" element could be inferred from a lack of probable cause or satisfied by proof that the insured acted "recklessly and without regard to whether the proceeding is justif[ied]." The verdict finding the insureds liable for damages for malicious prosecution, thus, does not by necessity imply that the insureds willfully violated a penal statute by knowingly giving false information to a law enforcement officer. See § 817.49, Fla. Stat. (1991). Nor was any additional evidence presented to the trial judge in the instant action from which she could have concluded that a violation of *459 a penal statute had occurred. As a result, we find that the trial court erred in finding that no duty to indemnify the insureds for compensatory damages assessed in the Murphy trial would have existed under the Travelers policy.
As to punitive damages, however, public policy in Florida prohibits liability insurance coverage for punitive damages assessed against a person because of his own wrongful conduct. U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1065 (Fla. 1983). An exception to this general policy is when the insured himself is not personally at fault, but is merely vicariously liable for another's wrong. Id. However, it is well established "that a corporation can only act through its officers and agents." Browning v. State, 101 Fla. 1051, 1054, 133 So. 847, 848 (1931). Thus, by virtue of her position as corporate president and sole stockholder of Morgan Realty, the acts of Morgan are indistinguishable from the acts of the corporation itself, and, therefore, the exception regarding coverage for those only vicariously liable for the acts of another, is not applicable in this case. Kent Ins. Co. v. Schroeder, 469 So.2d 209, 210 (Fla. 5th DCA 1985). As a result, Morgan Realty would not have been indemnified for the punitive damages awarded in the Murphy trial, had the Travelers policy been in effect.
Accordingly, the order appealed is reversed and remanded with directions to enter judgment finding a duty to defend and a duty to indemnify for compensatory damages on the part of the insurance company under the Travelers policy. That part of the order finding no duty to indemnify for punitive damages under that policy is affirmed.
Affirmed in part, reversed in part, and remanded.