823 So.2d 805 (2002)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Daniel POLING and Maryanne Poling, husband and wife, Appellees.
Nos. 5D01-1215, 5D01-268.
District Court of Appeal of Florida, Fifth District.
June 7, 2002.
Rehearing Denied August 22, 2002.
*806 Nicholas A. Shannin, of McDonough, Wieland, Shannin & Gumula, Orlando, for Appellant.
Patrick G. Gilligan, of Gilligan, King & Gooding, P.A., Ocala, for Appellees.
GRIFFIN, J.
This is a consolidated appeal of a final judgment in favor of the plaintiffs/appellees below, Daniel Poling ["Poling"] and Mary Anne Poling, in the sum of $125,132.62 against defendant/appellant, Lumbermens Mutual Casualty Company ["Lumbermens"], for uninsured motorist benefits, attorney's fees and costs. Although many issues are raised, we find only one error, but that error is dispositive. Lumbermens claims that the trial court erred by failing to admit into evidence the application for social security benefits that Poling made eight months prior to the accident in which he described in detail his inability to work. We agree and reverse.
On October 1, 1997, Poling was involved in a motor vehicle accident which he claimed was caused by the negligence of Richard Hayes, an uninsured driver. Poling had automobile insurance with Lumbermens that included uninsured motorist coverage.
Lumbermens learned through discovery that Poling had filed an application for Social Security benefits in February 1997, months before the accident, claiming a disability since May 1996. In this application, Poling explains, in his own handwriting, that he suffers from aching, stabbing, burning, cramping and throbbing pain in his spine. He said that he cannot stand or sit for more than twenty minutes a day. Further, he said that he experienced continuous pain in his feet similar to the pains felt in his spine. On his worst days, he had trouble walking, and on his best days, he could walk for twenty minutes at a time. Moreover, he experienced the same pain in his knees, making it difficult to sit up or down and causing his knees to "give out" when he was walking. This condition started at the age of fourteen when Poling was involved in an accident at school. Due to these pains, he has trouble bathing, doing yard work, grocery shopping, and engaging in recreational activities, among other things.[1]
In preparation for trial, Lumbermens identified the February 1997 application as an exhibit. In response, Poling filed a motion in limine seeking to exclude this document. A hearing was held on the motion, at which Lumbermens' counsel argued that such documents were probative in establishing Poling's condition prior to the accident. Counsel also urged that the statements were admissible as an admission of a party. The trial judge ruled that the defense would be allowed to introduce Poling's application.
Poling again raised this issue through another motion in limine and a subsequent hearing was held. The court expressed concern that the probative value the application may have would be outweighed by the unduly prejudicial effect, primarily because it would lead to potentially inappropriate inferences about collateral sources, *807 i.e. that he had, as a result of the application, been awarded and was receiving social security disability payments. The court then ruled the application could be introduced to the extent that references to social security disability or application to a government entity were removed.
Poling then filed a motion[2] to rehear and to reconsider this ruling. Another hearing was held[3] and this time, the court entered an Order of Clarification of Past Motions, reciting that the defense could use redacted social security records to question their medical expert, but the records may not be introduced into evidence or displayed to the jury.
Poling contends the trial court was right to take these measures to prevent the inference referenced above. Poling also contends that the trial court properly excluded his pre-accident application for social security benefits because the jury was made aware of Poling's pre-accident condition through his direct testimony. Thus, the disability application would have been cumulative evidence. Poling finally claims that this issue was waived because, at trial, Poling offered to introduce the documents in question if Lumbermens would agree that Poling could testify regarding his subsequent award of social security disability arising out of the accident.
It is well settled in Florida that the trial judge has "wide discretion in areas concerning the admission of evidence, and, unless an abuse of discretion can be shown, its rulings will not be disturbed." San Martin v. State, 717 So.2d 462 (Fla.1998)(citing Welty v. State, 402 So.2d 1159, 1162-1163 (Fla.1981)); Rodriguez v. State, 327 So.2d 903 (Fla. 3d DCA 1976). In this instance, however, we conclude the bounds of discretion were exceeded.
First, this evidence was not "merely cumulative." Given its extent and detail and the circumstances of its making, it had a probative value well beyond Poling's trial testimony. Second, the stated basis for the rulingthat admission of the documents in question would incorrectly admit evidence of a collateral sourceis erroneous. Lumbermens sought to introduce the social security application for the limited purpose of showing the jury Poling's statements made eight months prior to the accident regarding his physical limitations. The fact that these statements were made in an application for social security benefits does not introduce evidence of receipt of benefits from a collateral source. Indeed, since Poling was denied benefits pursuant to this application, there was no collateral source. Finally, we find no waiver in Lumbermens objection to Poling's revised strategy during trial.
REVERSED and REMANDED.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] Poling was subsequently denied benefits; however, after the accident, he amended his application with a revised onset date of October 1, 1997, and was granted $567.00 per month.
[2] This motion is not in the record on appeal.
[3] No transcript of this hearing was provided.