858 So.2d 1068 (2003)
ACCEPTANCE INSURANCE COMPANY, Appellant,
v.
BATES, DUNNING & ASSOCIATES, INC., Appellee.
No. 3D03-606.
District Court of Appeal of Florida, Third District.
August 13, 2003.
Rehearing and Rehearing Denied November 14, 2003.
Cooney, Mattson, Lance, Blackburn, Richards & O'Conner and Bruce M. Trybus and Warren B. Kwavnick, for appellant.
Jeffrey B. Crockett and Julianna M. Thomas, for appellee.
Before COPE, SHEVIN and WELLS, JJ.
Rehearing and Rehearing En Banc Denied November 14, 2003.
SHEVIN, Judge.
Acceptance Insurance Company appeals a summary judgment in a declaratory judgment action directing it to defend Bates, Dunning & Associates, Inc., [Bates], *1069 its insured, in the underlying action, Rubino v. O'Donnell, No. 01-20983-CA-11 (Fla. 11th Cir. Ct. filed Sept. 6, 2001). We reverse.
The Rubino plaintiffs, security guards employed by Rosie O'Donnell, claim that Bates intercepted their oral communications at O'Donnell's residence without their consent. Acceptance sought a declaratory judgment as to its duty to defend Bates. Both sides filed summary judgment motions. The court granted a summary judgment in Bates' favor.
The issue whether Acceptance had a duty to defend Bates "is resolved by examining the `allegations of the complaint against the insured, not by the actual facts, nor the insured's version of the facts or the insured's defenses. There is no obligation on an insurer to defend an action against its insured when the pleading in question shows the applicability of a policy exclusion.'" State Farm Fire & Cas. Co. v. Compupay, Inc., 654 So.2d 944, 945 (Fla. 3d DCA)(quoting Reliance Ins. Co. v. Royal Motorcar, 534 So.2d 922, 923 (Fla. 4th DCA 1988) (citations omitted)), review denied, 662 So.2d 341 (Fla.1995). See Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977); Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc., 771 So.2d 579 (Fla. 4th DCA 2000); Home Owners Warranty Corp. v. Hanover Ins. Co., 683 So.2d 527 (Fla. 3d DCA 1996), review denied, 695 So.2d 700 (Fla.1997). Therefore, the insurer must defend if the complaint, when fairly read, alleges facts that create potential coverage under the policy. Cabezas v. Florida Farm Bureau Cas. Ins. Co., 830 So.2d 156, 158 (Fla. 3d DCA 2002), review granted, 844 So.2d 645 (Fla.2003).
We agree with Acceptance's contention that it had no duty to defend Bates based on the policy exclusion that states:
This policy does not apply ... to any claim for injury arising out of a willful violation of a penal statute or ordinance committed by or with the knowledge of the insured.
The Rubino complaint asserted claims for violation of section 934.03, Florida Statutes,[1] and common law invasion of privacy alleging that (1) Bates violated section 934.03, Florida Statutes, by intercepting or causing others to intercept plaintiffs' oral communications without their consent; and, (2) Bates intentionally intruded upon plaintiffs' seclusion by intercepting their oral communications; and, such actions were "outrageous, willful, hostile, intentional, wanton, malicious, and done in bad faith." These claims assert facts that fall within the policy exclusion.
Section 934.03, a penal statute, provides, in pertinent part, that unless all parties to the communication have consented, any person who "[i]ntentionally intercepts ... or procures any other person to intercept any ... oral ... communication ... is guilty of a felony of the third degree." Bates' argument that the exclusion does not apply because the complaint does not allege a "willful" violation of penal law is without merit. The complaint allegations assert the violation of section 934.03 which requires the intentional interception of oral communications without the party's consent.[2] There is no difference between a *1070 willful and an intentional violation as the terms "willful" and "intentional" are synonymous in this case. Reliance Ins. Co. v. Lazzara Oil Co., 601 So.2d 1241 (Fla. 2d DCA 1992).[3] Therefore, the policy exclusion is applicable to this count.
Bates' reliance on Morgan Int'l Realty Inc. v. Dade Underwriters Ins. Agency, Inc., 617 So.2d 455 (Fla. 3d DCA 1993), is misplaced. Contrary to Bates' assertion, Morgan International does not mandate a duty to defend in this case. Morgan International merely holds that an exclusion for the insured's willful violation of a criminal statute did not vitiate an insurer's coverage of the malicious prosecution claim. The verdict against the insured for the tort of malicious prosecution did not necessarily imply that insured violated the criminal statute as to false statements. Morgan Int'l Realty Inc., 617 So.2d at 458-59. Here, however, the complaint allegations only encompass the intentional interception of oral communications without plaintiffs' consent.
The common law invasion of privacy count also falls within the policy exclusion. That claim is based on the same allegations as the interception claimthe violation of plaintiffs' right of privacy by intentionally intercepting their oral communications without consent. Because the policy excludes any claim for injury "arising out of a willful violation of a penal statute," the invasion of privacy claim fails to trigger the duty to defend as that claim arises out of the unlawful interception of the oral communication. See Western Cas. & Sur. Co. v. City of Palmyra, 650 F.Supp. 981 (E.D.Mo.1987). Accordingly, the court erred in determining that Acceptance had a duty to defend Bates in the Rubino action.
Reversed and remanded.
NOTES
[1] Section 934.10 provides an injured party with civil remedies for violation of section 934.03.
[2] Bates' contention that the statute may be violated by negligent use or disclosure of audio-taped materials is of no moment as the complaint does not contain such allegations. In addition, we are precluded from following Bates' suggestion and considering a good-faith defense, § 934.10(2), Fla. Stat. (2001), as we are limited to reviewing the allegations of the complaint.
[3] We hold that Reliance Insurance remains persuasive despite its construction of a predecessor version of section 934.03; the applicable version substitutes the term "intentionally" for "willfully." See Ch. 88-184, § 2, at 1019, Laws of Fla. In 1988, the legislature substantially revised chapter 934 "to conform with the federal provisions regarding the interception of wire, oral, or electronic communications." State v. Jackson, 650 So.2d 24, 27 (Fla.1995).